MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------X

IAN CUIZON, NAN AYE THIDA, NIA
WILLIAMS, PORNPING
THEERADECHAKUL, PWINT SU WAI
WIN, and SUPHICHAYA SODWAN,
*individually and on behalf of others similarly*
*situated,*

                                  *Plaintiffs*,

        -against-

GEORGE & FRANK'S JAPANESE NOODLE
REST. INC. (D/B/A SAPPORO
RESTAURANT), THOMAS HAMADA, and
ICHI ASAKAWA,

                                  *Defendants.*
----------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

       Plaintiffs Ian Cuizon, Nan Aye Thida, Nia Williams, Pornping Theeradechakul, Pwint Su

Wai Win, and Suphichaya Sodwan, individually and on behalf of others similarly situated

(collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace & Associates, P.C.,

upon their knowledge and belief, and as against George & Frank's Japanese Noodle Rest. Inc.

(d/b/a Sapporo Restaurant), ("Defendant Corporation"), Thomas Hamada and Ichi Asakawa,

("Individual Defendants"), (collectively, "Defendants"), allege as follows:

## NATURE OF ACTION

1.      Plaintiffs are both current and former employees of Defendants George & Frank's Japanese Noodle Rest. Inc. (d/b/a Sapporo Restaurant), Thomas Hamada, and Ichi Asakawa.

2.       Defendants own, operate, or control a Japanese restaurant, located at 152 West 49th Street, New York, New York 10019 under the name "Sapporo Restaurant".

3.      Upon information and belief, individual Defendants Thomas Hamada and Ichi Asakawa, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.      Plaintiffs have been employees of Defendants.

5.      Plaintiffs have been employed as food packers and ostensibly as food runners and servers at the Japanese restaurant located at 152 West 49th Street, New York, New York 10019.

6.      However, the food runners and servers have been required to spend a considerable part of their work day performing non-tipped duties, including but not limited to sweeping and mopping, thoroughly wiping the counters with bleach, bringing up sodas, beer and other drinks and placing them in the refrigerators, taking out the garbage, cutting lemons, placing seats on top of tables at the end of the day and bringing them down at the beginning, cleaning windows, the bathrooms, the beer draft machines, and the chopstick boxes, sweeping and mopping the outside of the restaurant, carrying down beer delivered to the restaurant, carrying up kegs of beer, and washing the used towels hereafter the ("non-tipped duties").

7.      At all times relevant to this Complaint, Plaintiffs have worked for Defendants without appropriate minimum wage compensation for the hours that they have worked.

8.      Rather, Defendants failed to maintain accurate recordkeeping of their hours worked, and failed to pay Plaintiffs appropriately for any hours worked, at the straight rate of pay.

9.     Defendants have employed and accounted for Plaintiffs as food runners and servers in their payroll, but in actuality their duties have required a significant amount of time spent performing the non-tipped duties alleged above.

10.    Regardless, at all relevant times, Defendants have paid Plaintiffs at a rate that is at the lowered tip-credited rate.

11.    However, under both the FLSA and NYLL, Defendants are not entitled to take a tip credit because Plaintiffs' non-tipped duties have exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

12.    Upon information and belief, Defendants have employed the policy and practice of disguising Plaintiffs' actual duties in payroll records by designating them as food runners and servers instead of non-tipped employees. This has allowed Defendants to avoid paying Plaintiffs at the minimum wage rate and has enabled them to pay them at the lower tip-credited rate.

13.    In addition, Defendants have maintained a policy and practice of unlawfully appropriating Plaintiffs' and other tipped employees' tips and have made unlawful deductions from these Plaintiffs' and other tipped employees' wages.

14.    Defendants' conduct has extended beyond Plaintiffs to all other similarly situated employees.

15.    At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiffs and other employees to work  without providing the minimum wage compensation required by federal and state law and regulations.

16.    Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the

"NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs. Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

18.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Japanese restaurant located in this district. Further, Plaintiffs have been employed by Defendants in this district.

## PARTIES
*Plaintiffs*

19.     Plaintiff Ian Cuizon ("Plaintiff Cuizon" or "Mr. Cuizon") is an adult individual residing in Queens County, New York.

20.     Plaintiff Cuizon has been employed by Defendants at Sapporo Restaurant from approximately November 2016 until the present date.

21.     Plaintiff Nan Aye Thida ("Plaintiff Thida" or "Ms. Aye") is an adult individual residing in Queens County, New York.

22.     Plaintiff Thida has been employed by Defendants at Sapporo Restaurant from approximately May 2017 until the present date.

23.     Plaintiff Nia Williams ("Plaintiff Williams" or "Ms. Williams") is an adult individual residing in Queens County, New York.

24.     Plaintiff Williams has been employed by Defendants at Sapporo Restaurant from approximately October 15, 2017 until the present date.

25.     Plaintiff Pornping Theeradechakul ("Plaintiff Theeradechakul" or "Ms. Theeradechakul") is an adult individual residing in Queens County, New York.

26.     Plaintiff Theeradechakul has been employed by Defendants at Sapporo Restaurant from approximately October 19, 2017 until the present date.

27.     Plaintiff Pwint Su Wai Win ("Plaintiff Wai" or "Ms. Wai") is an adult individual residing in Queens County, New York.

28.     Plaintiff Wai was employed by Defendants at Sapporo Restaurant from approximately July 20, 2017 until on or about December 31, 2017.

29.     Plaintiff Suphichaya Sodwan ("Plaintiff Sodwan" or "Ms. Sodwan") is an adult individual residing in New York County, New York.

30.     Plaintiff Sodwan has been employed by Defendants at Sapporo Restaurant from approximately March 2017 until the present date.

*Defendants*

31.     At all relevant times, Defendants owned, operated, or controlled a Japanese restaurant, located at 152 West 49th Street, New York, New York 10019 under the name "Sapporo Restaurant".

32.     Upon information and belief, George & Frank's Japanese Noodle Rest. Inc. (d/b/a Sapporo Restaurant) is a domestic corporation organized and existing under the laws of the State of

New York. Upon information and belief, it maintains its principal place of business at 152 West 49th Street, New York, New York 10019.

33.     Defendant Thomas Hamada is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Thomas Hamada is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Thomas Hamada possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

34.     Defendant Ichi Asakawa is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Ichi Asakawa is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Ichi Asakawa possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

35.     Defendants operate a Japanese restaurant located in the Hell's Kitchen section of Manhattan in New York City.

36.     Individual Defendants, Thomas Hamada and Ichi Asakawa, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

37.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

38.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

39.     Defendants have jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

40.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

41.     Upon information and belief, Individual Defendants, Thomas Hamada and Ichi Asakawa operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

    a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

    b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c)  transferring assets and debts freely as between all Defendants,

    d)  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

    e)  operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

    f)  intermingling assets and debts of their own with Defendant Corporation,

    g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

    h)  Other actions evincing a failure to adhere to the corporate form.

42.    At all relevant times, Defendants have been Plaintiffs' employers within the meaning of the FLSA and New York Labor Law.  Defendants have had the power to hire and fire Plaintiffs, have controlled the terms and conditions of employment, and have determined the rate and method of any compensation in exchange for Plaintiffs' services.

43.    In each year from 2016 to the present, Defendants have, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

44.    In addition, upon information and belief, Defendants and/or their enterprise have been directly engaged in interstate commerce. As an example, numerous items that are used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

45.    Plaintiffs are both current and former employees of Defendants who have been employed as food runners and servers. However, the tipped workers have spent 20% of each shift performing the non-tipped duties described above.

46.    Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Ian Cuizon*

47.    Plaintiff Cuizon has been employed by Defendants from approximately November 2016 until the present date.

48.    Defendants have ostensibly employed Plaintiff Cuizon as a food packer, food runner, and a server.

49.    However, Plaintiff Cuizon has also been required to spend a significant portion of his work day performing the non-tipped duties described above.

50.    Although Plaintiff Cuizon has ostensibly been employed as a food packer, food runner, and a server, he has spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

51.    Plaintiff Cuizon has regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

52.    Plaintiff Cuizon's work duties have required neither discretion nor independent judgment.

53.    From approximately November 2016 until on or about February 2017, Plaintiff Cuizon worked as a food packer and a food runner for 35 hours per week, six days a week.

54.    From approximately February 2017 until the present date, Plaintiff Cuizon has worked as a server for 38 hours per week, six days a week.

55.    From approximately November 2016 until the present date, Defendants have paid Plaintiff Cuizon his wages by check.

56.     From approximately November 2016 until on or about February 2017, Defendants paid Plaintiff Cuizon $11.00 per hour as a food packer and $7.50 per hour as a food runner.

57.     From approximately February 2017 until the present date, Defendants have paid Plaintiff Cuizon $7.50 per hour as a server.

58.     Nevertheless, Defendants have deducted $12.50 per week from Plaintiff Cuizon weekly paycheck for meals he never ate.

59.     Plaintiff Cuizon has never been notified by Defendants that his tips are being included as an offset for wages.

60.     Defendants have not accounted for these tips in any daily or weekly accounting of Plaintiff Cuizon's wages.

61.     Defendants have withheld a portion of Plaintiff Cuizon's tips; specifically, from approximately November 2016 until on or about February 2017, Defendants pocketed 50% of his tips and then from approximately February 2017 until the present date Defendants have pocketed 30% of his tips.

62.     Although Defendants have granted Plaintiff Cuizon a break period, it has only been for five to fifteen minutes per shift.

63.     No notification, either in the form of posted notices or other means, has ever been given to Plaintiff Cuizon regarding overtime and wages under the FLSA and NYLL.

64.     Defendants have never provided Plaintiff Cuizon an accurate statement of wages, as required by NYLL 195(3).

65.     Defendants have never notified Plaintiff Cuizon that his tips have been included as an offset for wages.

66.     Defendants have not accounted for these tips in any daily or weekly accounting of Plaintiff Cuizon's wages.

67.     Defendants have never given any notice to Plaintiff Cuizon, in English and in Filipino (Plaintiff Cuizon's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

68.     Defendants have required Plaintiff Cuizon to purchase "tools of the trade" with his own funds—including 6 bandanas.

*Plaintiff Nan Aye Thida*

69.     Plaintiff Thida has been employed by Defendants from approximately May 2017 until the present date.

70.     Defendants have ostensibly employed Plaintiff Thida as a server.

71.     However, Plaintiff Thida has also been required to spend a significant portion of her work day performing the non-tipped duties described above.

72.     Although Plaintiff Thida has ostensibly been employed as a server, she has spent over 20% of each day performing non-tipped work throughout her employment with Defendants.

73.     Plaintiff Thida has regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

74.     Plaintiff Thida's work duties have required neither discretion nor independent judgment.

75.     From approximately May 2017 until the present date, Plaintiff Thida has worked as a server for about 35 hours per week, six days a week.

76.     Throughout her entire employment, Defendants have paid Plaintiff Thida her wages by check.

77.    From approximately May 2017 until the present date, Defendants have paid Plaintiff Thida $7.50 per hour.

78.    Nevertheless, Defendants have deducted $12.50 per week from Plaintiff Thida's weekly paycheck for meals she never ate.

79.    Plaintiff Thida has never been notified by Defendants that her tips are being included as an offset for wages.

80.    Defendants have not accounted for these tips in any daily or weekly accounting of Plaintiff Thida's wages.

81.    Defendants have withheld a portion of Plaintiff Thida's tips; specifically, Defendants pocketed 50% of her tips for the first 2 months of her employment and then Defendants have pocketed 30% of her tips.

82.    No notification, either in the form of posted notices or other means, has ever been given to Plaintiff Thida regarding overtime and wages under the FLSA and NYLL.

83.    Although Defendants have granted Plaintiff Thida break periods, it has only been for five to fifteen minutes per shift.

84.    Defendants have never provided Plaintiff Thida an accurate statement of wages, as required by NYLL 195(3).

85.    Defendants have never notified Plaintiff Thida that her tips have been included as an offset for wages.

86.    Defendants have not accounted for these tips in any daily or weekly accounting of Plaintiff Thida's wages.

87.    Defendants have never given any notice to Plaintiff Thida, in English and in Burmese (Plaintiff Thida's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Nia Williams*

88.    Plaintiff Williams has been employed by Defendants from approximately October 15, 2017 until the present date.

89.    Defendants have ostensibly employed Plaintiff Williams as food runner and a packer.

90.    However, Plaintiff Williams has also been required to spend a significant portion of her work day performing the non-tipped duties described above.

91.    Although Plaintiff Williams has ostensibly been employed as food runner and a packer, she has spent over 20% of each day performing non-tipped work throughout her employment with Defendants.

92.    Plaintiff Williams has regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

93.    Plaintiff Williams's work duties have required neither discretion nor independent judgment.

94.    From approximately October 15, 2017 until on or about November 15, 2017, Plaintiff Williams worked as food runner and a packer from approximately 10:30 a.m.  until on or about 5:00 p.m., three days a week and from approximately 5:00 p.m. until on or about 10:45 p.m. to 11:00 p.m., three days a week (typically 36.75 to 37.5 hours per week).

95.    From approximately November 15, 2017 until the present date, Plaintiff Williams has worked as a food runner and a packer for about 36 to 38 hours per week, six days a week.

96.     Throughout her entire employment, Defendants have paid Plaintiff Williams her wages by check.

97.     From approximately October 15, 2017 until on or about November 15, 2017, Defendants paid Plaintiff Williams $7.50 per hour as a food runner.

98.     From approximately November 15, 2017 until the present date, Defendants have paid Plaintiff Williams $7.50 per hour as a food runner and $13.00 per hour as a food packer.

99.     Nevertheless, Defendants have deducted $12.50 per week from Plaintiff Williams's weekly paycheck for meals she never ate.

100.    Plaintiff Williams has never been notified by Defendants that her tips are being included as an offset for wages.

101.    Defendants have not accounted for these tips in any daily or weekly accounting of Plaintiff Williams's wages.

102.    Defendants have withheld a portion of Plaintiff Williams's tips; specifically, Defendants have pocketed a larger percentage of her tips than the other employees because she is a food runner.

103.    Although Defendants have required Plaintiff Williams to punch in and out, she has had to punch out 15 minutes early three days a week.

104.    Defendants have granted Plaintiff Williams a break period, however, it has only been for five minutes per shift.

105.    No notification, either in the form of posted notices or other means, has ever been given to Plaintiff Williams regarding overtime and wages under the FLSA and NYLL.

106.    Defendants have never provided Plaintiff Williams an accurate statement of wages, as required by NYLL 195(3).

107.    Defendants have never notified Plaintiff Williams that her tips have been included as an offset for wages.

108.    Defendants have not accounted for these tips in any daily or weekly accounting of Plaintiff Williams's wages.

109.    Defendants have never given any notice to Plaintiff Williams of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

110.    Defendants have required Plaintiff Williams to purchase "tools of the trade" with her own funds—including shirts and bandanas.

*Plaintiff Pornping Theeradechakul*

111.    Plaintiff Theeradechakul has been employed by Defendants from approximately October 19, 2017 until the present date.

112.    Defendants have ostensibly employed Plaintiff Theeradechakul as a server.

113.    However, Plaintiff Theeradechakul has also been required to spend a significant portion of her work day performing the non-tipped duties described above.

114.    Although Plaintiff Theeradechakul has ostensibly been employed as a server, she has spent over 20% of each day performing non-tipped work throughout her employment with Defendants.

115.    Plaintiff Theeradechakul has regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

116.    Plaintiff Theeradechakul's work duties have required neither discretion nor independent judgment.

117.    From approximately October 19, 2017 until on or about January 7, 2018, Plaintiff Theeradechakul worked as a server from approximately 10:30 a.m. until on or about 5:00 p.m., three

days a week and from approximately 5:00 p.m. until on or about 11:00 p.m., two days a week (typically 31.5 hours per week).

118.    From approximately January 8, 2018 until the present date, Plaintiff Theeradechakul has worked as a server from approximately 10:30 a.m. until on or about 5:00 p.m., three days a week and from approximately 5:00 p.m. until on or about 11:00 p.m., three days a week (typically 37.5 hours per week).

119.    Throughout her entire employment, Defendants have paid Plaintiff Theeradechakul her wages by check.

120.    From approximately October 19, 2017 until the present date, Defendants have paid Plaintiff Theeradechakul $7.50 per hour.

121.    Nevertheless, Defendants have deducted $12.50 per week from Plaintiff Theeradechakul's weekly paycheck for meals she never ate.

122.    Plaintiff Theeradechakul has never been notified by Defendants that her tips are being included as an offset for wages.

123.    Defendants have not accounted for these tips in any daily or weekly accounting of Plaintiff Theeradechakul's wages.

124.    Defendants have withheld a portion of Plaintiff Theeradechakul's tips; specifically, Defendants pocketed 60% of her tips for her first month of employment and then have pocketed 45% of her tips after that.

125.    Although Defendants have granted Plaintiff Theeradechakul a break period, it has only been for five to fifteen minutes per shift.

126.    No notification, either in the form of posted notices or other means, has ever been given to Plaintiff Theeradechakul regarding overtime and wages under the FLSA and NYLL.

127.    Defendants have never provided Plaintiff Theeradechakul an accurate statement of wages, as required by NYLL 195(3).

128.    Defendants have never notified Plaintiff Theeradechakul that her tips have been included as an offset for wages.

129.    Defendants have not accounted for these tips in any daily or weekly accounting of Plaintiff Theeradechakul's wages.

130.    Defendants have never given any notice to Plaintiff Theeradechakul, in English and in Thai (Plaintiff Theeradechakul's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

### Plaintiff Pwint Su Wai Win

131.    Plaintiff Wai was employed by Defendants from approximately July 20, 2017 until on or about December 31, 2017.

132.    Defendants ostensibly employed Plaintiff Wai as food runner and a food packer.

133.    However, Plaintiff Wai was also required to spend a significant portion of her work day performing the non-tipped duties described above.

134.    Although Plaintiff Wai ostensibly was employed as food runner and a food packer, she spent over 20% of each day performing non-tipped work throughout her employment with Defendants.

135.    Plaintiff Wai regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

136.    Plaintiff Wai's work duties required neither discretion nor independent judgment.

137.    From approximately July 20, 2017 until on or about August 19, 2017, Plaintiff Wai worked as a food runner from approximately 11:30 a.m. until on or about 5:00 p.m., Thursdays and

Sundays, from approximately 5:00 p.m. until on or about 11:00 p.m., three days a week, and from approximately 4:00 p.m. until on or about 11:00 p.m., one day a week (typically 38 hours per week).

138.    From approximately August 20, 2017 until on or about December 31, 2017, Plaintiff Wai worked as a food runner and a food packer from approximately 11:30 a.m. until on or about 5:00 p.m., four days a week and from approximately 4:00 p.m. until on or about 11:00 p.m., two days a week (typically 40 hours per week).

139.    Throughout her entire employment, Defendants paid Plaintiff Wai her wages by check.

140.    From approximately July 20, 2017 until on or about August 19, 2017, Defendants paid Plaintiff Wai $7.50 per hour.

141.    From approximately August 20, 2017 until on or about December 31, 2017, Defendants paid Plaintiff Wai $7.50 per hour as a server and $13.00 per hour as a packer.

142.    Nevertheless, Defendants deducted $12.50 per week from Plaintiff Wai's weekly paycheck for meals she never ate.

143.    Plaintiff Wai was never notified by Defendants that her tips were being included as an offset for wages.

144.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Wai's wages.

145.    Defendants withheld a portion of Plaintiff Wai's tips; specifically, Defendants pocketed 45% of her tips.

146.    Although Defendants granted Plaintiff Wai a break period, it was only for five minutes per shift.

147.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Wai regarding overtime and wages under the FLSA and NYLL.

148.    Defendants did not provide Plaintiff Wai an accurate statement of wages, as required by NYLL 195(3).

149.    Defendants never notified Plaintiff Wai that her tips were being included as an offset for wages.

150.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Wai's wages.

151.    Defendants did not give any notice to Plaintiff Wai, in English and in Burmese (Plaintiff Wai's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Suphichaya Sodwan*

152.    Plaintiff Sodwan has been employed by Defendants from approximately March 2017 until the present date.

153.    Defendants have ostensibly employed Plaintiff Sodwan as a server.

154.    However, Plaintiff Sodwan has also been required to spend a significant portion of her work day performing the non-tipped duties described above.

155.    Although Plaintiff Sodwan has ostensibly been employed as a server, she has spent over 20% of each day performing non-tipped work throughout her employment with Defendants.

156.    Plaintiff Sodwan has regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

157.    Plaintiff Sodwan's work duties have required neither discretion nor independent judgment.

- 19 -

158.    From approximately March 2017 until the present date, Plaintiff Sodwan has worked as a server from approximately 10:30 a.m. until on or about 5:00 p.m., three days a week and from approximately 5:00 p.m. until on or about 11:00 p.m., two days a week (typically 31.5 hours per week).

159.    Throughout her entire employment, Defendants have paid Plaintiff Sodwan her wages by check.

160.    From approximately March 2017 until the present date, Defendants have paid Plaintiff Sodwan $7.50 per hour.

161.    Nevertheless, Defendants have deducted $12.50 per week from Plaintiff Sodwan's weekly paycheck for meals she never ate.

162.    Defendants have never notified Plaintiff Sodwan that her tips have been included as an offset for wages.

163.    Defendants have not accounted for these tips in any daily or weekly accounting of Plaintiff Sodwan's wages.

164.    Defendants have withheld a portion of Plaintiff Sodwan's tips; specifically, Defendants have pocketed 30% of her tips.

165.    No notification, either in the form of posted notices or other means, has ever been given to Plaintiff Sodwan regarding overtime and wages under the FLSA and NYLL.

166.    Defendants have never provided Plaintiff Sodwan an accurate statement of wages, as required by NYLL 195(3).

167.    Defendants have never given any notice to Plaintiff Sodwan, in English and in Thai (Plaintiff Sodwan's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

168.    At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work without paying them appropriate minimum wage as required by federal and state laws.

169.    Plaintiffs have been victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they have been owed for the hours they have worked.

170.    Defendants' pay practices have resulted in Plaintiffs not receiving payment for all their hours worked, and resulting in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

171.    Defendants' time keeping system has not reflected the actual hours that Plaintiffs have worked.

172.    Defendants have required all food runners and servers to perform general non-tipped tasks in addition to their primary duties as food runners and servers. These Plaintiffs and all similarly situated employees, have ostensibly been employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing non-tipped duties.

173.    These Plaintiffs and all other tipped workers have been paid at the lowered tip-credit rate by Defendants.

174.    However, under state law, Defendants are not entitled to a tip credit because the tipped workers' and these Plaintiffs' non-tipped duties exceed 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

175.    New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips

are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

176.     The food runners and servers' duties have not been incidental to their occupation as tipped workers, but instead have constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

177.     In violation of federal and state law as codified above, Defendants have classified these Plaintiffs and other tipped workers as tipped employees, and have paid them at the lowered tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

178.     Defendants have failed to inform Plaintiffs who received tips that Defendants intended to take a deduction against Plaintiffs' earned wages for tip income, as required by the NYLL before any deduction may be taken.

179.     Defendants have failed to inform Plaintiffs who received tips, that their tips are being credited towards the payment of the minimum wage.

180.     Defendants have failed to maintain a record of tips earned by Plaintiffs who have worked as food runners and servers for the tips they received.

181.     As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly harmed Plaintiffs who have received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving food runners, and servers of a portion of the tips earned during the course of employment.

182.    Defendants have unlawfully misappropriated charges purported to be gratuities received by tipped Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

183.    Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

184.    Defendants have failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

185.    Upon information and belief, these practices by Defendants have been done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

186.    Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

187.    Defendants' unlawful conduct is intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

188.    Defendants have failed to provide Plaintiffs  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum

wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

189.     Defendants have failed to provide Plaintiffs  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

190.     Plaintiffs bring their FLSA minimum wage and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

191.     At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the minimum wage required by the FLSA.

192.     The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

193.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

194.    At all times relevant to this action, Defendants have been Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants have had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

195.    At all times relevant to this action, Defendants have been engaged in commerce or in an industry or activity affecting commerce.

196.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

197.    In violation of 29 U.S.C. § 206(a), Defendants have failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate.

198.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate is willful within the meaning of 29 U.S.C. § 255(a).

199.    Plaintiffs (and the FLSA Class members) have been damaged in an amount to be determined at trial.

<u>**SECOND CAUSE OF ACTION**</u>
**VIOLATION OF THE NEW YORK MINIMUM WAGE ACT**

200.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

201.    At all times relevant to this action, Defendants have been Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants have had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

202.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, have paid Plaintiffs less than the minimum wage.

203.    Defendants' failure to pay Plaintiffs the minimum wage is willful within the meaning of N.Y. Lab. Law § 663.

204.    Plaintiffs have been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

205.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

206.    Defendants have failed to provide Plaintiffs with a written notice, in English, Filipino, Burmese, and in Thai (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

207.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

208.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

209.    With each payment of wages, Defendants have failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the

regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

210.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION
### (RECOVERY OF EQUIPMENT COSTS)

211.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

212.    Defendants have required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

213.    Plaintiffs have been damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### (UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION OF THE NEW YORK LABOR LAW)

214.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

215.    At all relevant times, Defendants have been Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

216.    New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

217.    Defendants have unlawfully misappropriated a portion of Plaintiffs' tips that have been received from customers.

218.    Defendants have knowingly and intentionally retained a portion of Plaintiffs' tips in violations of the NYLL and supporting Department of Labor Regulations.

Plaintiffs have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)    Declaring that Defendants' violations of the provisions of the FLSA are willful as to Plaintiffs and the FLSA Class members;

(d)    Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' (and the prospective collective class members') compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)    Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage, and damages for any

improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)      Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(h)      Declaring that Defendants have violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(i)      Awarding Plaintiffs damages for the amount of unpaid minimum wage, and for any improper deductions or credits taken against wages as applicable

(j)      Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(k)      Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(l)       Awarding Plaintiffs the expenses incurred in this action, including costs and attorneys' fees;

(m)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(n)      All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
   January 22, 2018

            MICHAEL FAILLACE & ASSOCIATES, P.C.

       By:   /s/ Michael Faillace
          Michael Faillace [MF-8436]
          60 East 42nd Street, Suite 4510
          New York, New York 10165
          Telephone: (212) 317-1200
          Facsimile: (212) 317-1620
          *Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

——————

Faillace@employmentcompliance.com

January 9, 2018

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.

Name:                          Ian Cuizon

Legal Representative:          Michael Faillace & Associates, P.C.

Signature:

Date:                          January 9, 2018

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

January 10, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.

Name / Nombre:                  Nan Aye Thida

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                   10 de enero de 2018

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

January 9, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Nia Williams

Legal Representative / Abogado:         Michael Faillace & Associates, P.C.

Signature / Firma:                      _Nia Williams_

Date / Fecha:                           09 de enero de 2018

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

January 8, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.

Name / Nombre:                   Pornping  Theeradechakul

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                      8 Jan 2018

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

_____

Faillace@employmentcompliance.com

January 10, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.

Name                                    Pwint Su Wai  Win

Legal Representative Signature          Michael Faillace & Associates, P.C.

Firma:

Date                                    January 10, 2018

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

——————

Faillace@employmentcompliance.com

January 8, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.


Name / Nombre:                    Suphichaya  Sodwan

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:                _____

Date / Fecha:                     January 8, 2018_____

*Certified as a minority-owned business in the State of New York*