UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
IAN CUIZON, NAN AYE THIDA, NIA
WILLIAMS, PORNPING THEERADECHAKUL,
PWINT SU WAI WIN, and SUPHICHAYA
SODWAN, *individually and on behalf of others
similarly situated*,

Docket No.: 18-cv-00549 (AJN)

                     Plaintiffs,
  -against-

GEORGE & FRANK'S JAPANESE NOODLE REST.
INC. (D/B/A SAPPORO RESTAURANT), THOMAS
HAMADA, and ICHI ASAKAWA,

                     Defendants.
-----------------------------------------------------------------X

## SETTLEMENT AGREEMENT, RELEASE, AND WAIVER

1.      This Settlement, Release and Waiver Agreement (hereinafter "Agreement") is entered into this __ day of August, 2018 between IAN CUIZON, NAN AYE THIDA, NIA WILLIAMS, PORNPING THEERADECHAKUL, PWINT SU WAI WIN, and SUPHICHAYA SODWAN ("Claimants") and GEORGE & FRANK'S JAPANESE NOODLE REST. INC. (D/B/A SAPPORO RESTAURANT), THOMAS HAMADA, and ICHI ASAKAWA on their behalf, and on behalf of its past and present officers, directors, administrators, employees, attorneys, agents, representatives, affiliates, related entities, and assigns, (hereinafter collectively referred to as the "Employers"), in settlement of any and all disputes between the parties.

2.      Specifically, this Agreement includes , but is not limited to, all claims regarding or arising out of the Employers' employment of the Claimants, including but not limited to, their termination, or any alleged failure to adequately pay wages, including tips, to the Claimants during employment with the Employers, pursuant to federal, state and/or local laws as well as any interest or fees arising therefrom, and any tort or action sounding in civil rights, retaliation or

discrimination, any claim for equitable or injunctive relief; or, recovery of punitive, liquidated, compensatory, or other damages or monies or attorneys' fees.

3. Furthermore, this Agreement explicitly extends to all claims asserted by Claimants in the above-captioned action, which shall be dismissed with prejudice and without costs.

4. It is expressly understood that this Agreement has been entered into by the Employers for the purpose of avoiding further expense in connection with any and all claims and/or disputes, whether asserted or unasserted, that the Claimants have or could have against the Employers, to the date this Agreement is fully executed by the parties. This Agreement and the settlement it represents is by no means an admission of fault, guilt, or responsibility on the part of the Employers.

5. The Claimants also understand there are statutes and laws that protect employees from discrimination and retaliation, including without limitation, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq.; the New York State Executive Law, Human Rights Law § 296, et seq.; New York State Labor Law; the Fair Labor Standards Act and other federal, state and local laws. The Claimants hereby waives and releases any rights they may have under all of these and other laws specifically.

6. In consideration of the representations, assurances, and release contained herein, the Employers agree to pay the Claimants Fifty Two Thousand Dollars and No Cents ("$52,000"). Said payment shall be made by the issuance of checks payable as follows:

　　i. The first check issued by Defendants will be in the gross amount of Seven Thousand Four Hundred Thirty One Dollars and Twelve Cents ($7,431.12) made payable to "Ian Cuizon."

　　ii. The second check issued by Defendants will be in the gross amount of Six Thousand Sixty Six Dollars and Sixty Five Cents ($6,066.65) made payable to "Nan Aye Thida."

    iii. The third check issued by Defendants will be in the gross amount of Three Thousand Eight Hundred Fifty Eight Dollars and Nine Cents ($3,858.09) made payable to "Nia Williams."

    iv. The fourth check issued by Defendants will be in the gross amount of Four Thousand Nine Hundred and Nine Dollars and Ten Cents ($4,909.10) made payable to "Pornping Theeradechakul."

    v. The fifth check issued by Defendants will be in the gross amount of Five Thousand Six Hundred and Thirty Four Dollars and Eighty Nine Cents ($5,634.89) made payable to "Pwint Su Wai Win."

    vi. The sixth check issued by Defendants will be in the gross amount of Six Thousand and Seven Hundred and Sixty Six Dollars and Eighty Two Cents ($6,766.82) made payable to "Suphichaya Sodwan."

    vii. The seventh check issued by Defendants will be in the amount of Seventeen Thousand Three Hundred and Thirty Three Dollars and Thirty Three Cents ($17,333.33), made payable to "Michael Faillace & Associates, P.C.," Plaintiffs' attorneys, as and for attorneys' fees and costs.

Said checks shall be delivered by mail to Claimants' attorney: Michael Faillace, Michael Faillace & Associates, P.C., as attorneys for Ian Cuizon, Nan Aye Thida, Nia Williams, Pornping Theeradechakul, Pwint Su Wai Win, and Suphichaya Sodwan. These payments shall be sent within thirty (30) days of execution of this Agreement by all parties and approval by the Court.

    7. Additionally, Claimants and Michael Faillace & Associates, P.C. each agree to provide a completed W-9 form immediately.

    8. Nothing in this Agreement prohibits or prevents Claimants from participating, testifying, or assisting in any investigation, hearing, or other proceeding before any federal, state, or local government agency, if required by subpoena or order. However, to the maximum extent permitted by law, Claimants agree that if such an administrative claim is made, Claimants shall not be entitled to recover any individual monetary relief or other individual remedies and to the extent the waiver in the prior clause is not enforceable all monies paid hereunder shall be set-off in full against any relief or recovery of any kind without apportionment. Claimants agrees to notify the Employers counsel within ten (10) business days if they are compelled by subpoena or

court order, or otherwise contacted by any third parties, to appear and testify concerning matters encompassed by this Agreement. Claimants also agree that they will not contest the Employers' standing to move to quash any such subpoena.

9. The Claimants expressly agree that they are solely responsible for any taxes due as a result of the receipt of the amounts listed above. The Claimants agree to indemnify and hold the Employers harmless from any liabilities, assessments, penalties, costs or expenses assessed as a result of any failure by the Claimants to pay any taxes that are s required to pay because of their receipt of the checks comprising the settlement amount. In addition, Claimants expressly covenant and agree that should any taxing authority or other governmental agency request information concerning the payments made to Claimants under this Agreement or render any assessment, decision, ruling or order concerning the payment under this Agreement, Claimants will notify Employers prior to responding to, and within five (5) days of, such receipt. Such notice by Claimants shall be made in writing and delivered personally or sent by registered or certified mail, return receipt requested, to Employers' attorney: Michael A. Miranda, Miranda Sambursky Slone Sklarin Verveniotis LLP, 240 Mineola Boulevard, Mineola, New York 11501.

10. In consideration of the payment described in paragraph numbered six (6), the Claimants release and forever discharge the Employers from all debts, obligations, promises, covenants, agreements, contracts, endorsements, bonds, controversies, suits, causes of action, judgments, damages, expenses, claims or demands, in law or in equity, which the Claimants ever had regarding any matter arising on or before the date this Agreement is executed by the parties, including, but not limited to, any and all claims regarding the alleged failure of the Employers to comply with wage and hour laws, any claim for equitable and injunctive relief or recovery of punitive, tort, any and all civil rights claims, including claims sounding in discrimination and retaliation, arising under the United States or New York State Constitutions, or any federal, state,

or local statutes, compensatory, liquidated or other damages or monies and attorneys' fees. Employers likewise release and forever discharge Claimants from all debts, obligations, promises, covenants, agreements, contracts, endorsements, bonds, controversies, suits, causes of action, judgments, damages, expenses, claims or demands, in law or in equity, which the Employers ever had regarding any matter arising on or before the date this Agreement is executed by the parties.

11. Claimants expressly agree that they shall never speak disparagingly, derogatorily or in a defamatory manner about the Employers, and employers likewise agree as to claimants.

12. The Claimants acknowledge that their signatures below indicates that they have had a reasonable time to consider this Agreement and enter into this Agreement freely, knowingly and voluntarily, without duress, coercion or undue influence and with a full and free understanding of its terms.

13. This Agreement sets forth the entire agreement between Claimants and the Employers and supersedes any and all prior oral and/or written agreements between them. This Agreement may not be altered, amended or modified except by a further writing signed by all the parties to this Agreement.

14. This Agreement may be executed in counterparts and/or by facsimile.

_____
IAN CUIZON

_____
NAN AYE THIDA

_____

_____
GEORGE & FRANK'S JAPANESE NOODLE
REST. INC. (D/B/A SAPPORO RESTAURANT)
BY: THOMAS HAMADA

5

NIA WILLIAMS

_____
PORNPING THEERADECHAKUL

_____
PWINT SU WAI WIN

_____
SUPHICHAYA SODWAN