# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E. 42nd Street, Suite 2020  
New York, New York 10165  
_____

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

sclark@faillacelaw.com

September 24, 2018

**VIA ECF**  
Hon. Alison J. Nathan  
United States District Judge  
United States Courthouse  
40 Foley Square  
New York, NY 10007

       Re:    Cuizon v. George & Frank's Japanese Noodle Rest. Inc., et al.,  
             18-cv-549 (AJN)

Your Honor,

     This firm represents the Plaintiffs Ian Cuizon, Nan Aye Thida, Nia Williams, Pornping Theeradechakul, Pwint Su Wai Win, and Suphichaya Sodwan ("Plaintiffs") in the above-referenced matter. Plaintiffs write to request that the Court approve the settlement agreement ("the Agreement") reached by the parties herein as "fair and reasonable." *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). The Agreement is attached hereto as Exhibit A.

     Plaintiffs have agreed to settle all of their claims in this action.  Specifically, the Parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement and dismissal of these claims with prejudice, in exchange for consideration as set forth in the Agreement. The Agreement is the result of arms-length bargaining between the Parties and was reached following a mediation. The Agreement reflects a desire by the Parties to fully and finally settle and compromise all of Plaintiffs' claims asserted in this case as outlined more specifically in the attached Agreement.

     The Parties have concluded that the Agreement is fair, reasonable, adequate, and in the Parties' mutual best interests.  For these reasons and based on the reasons set forth below, Plaintiffs respectfully request that that Court enter an Order approving the settlement as fair and reasonable. The parties also request that the Court maintain jurisdiction for the purpose of resolving any disputes concerning the agreement.

## I. Statement of the Case

This is an action for money damages brought by Plaintiffs Ian Cuizon, Nan Aye Thida, Nia Williams, Pornping Theeradechakul, Pwint Su Wai Win, and Suphichaya Sodwan, individually and on behalf of others similarly situated. They bring this suit alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), violations of the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL and violations of the New York Notice and Recordkeeping and Wage Statement Provisions, NYLL §195.

Specifically, Plaintiffs were employed as food runners and servers by Defendants, who run a restaurant. Plaintiffs allege Defendants forced Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations. Plaintiffs also allege Defendants violated the wage statement and notice and recordkeeping provisions of the NYLL. A damages chart containing the damages Plaintiffs allege they would be entitled to if successful on all claims at trial is attached as Exhibit B.

Defendants denied the allegations.

## II. The Proposed Settlement is Fair and Reasonable

Under the settlement, Defendants will pay $52,000.00 to settle all claims. Of this amount, $17,333.33 will be attorney's fees and costs in this matter, with the remainder to go to the Plaintiffs. Plaintiffs will recover from the settlement funds proportionally to their estimated recovery in Exhibit B.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

In determining whether to approve a settlement agreement, the Court must consider

(1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

Having conferred with Defendants, it became clear that there were sharply contested factual and legal disputes that went to the heart of Plaintiffs' claims, including Plaintiffs' hours worked. Defendants possessed time records that suggested should the Plaintiffs move to trial, their recovery could potentially be significantly less than is represented in Exhibit B. To that end, Plaintiffs allege lost wages of $47,913. Defendants dispute this amount for several reasons. For example, the restaurant closed in January 2018, yet plaintiffs claim damages through May 3, 2018. Likewise, the meal deduction is overstated. Further, Defendants maintain that the Plaintiffs were paid the minimum wage at all time, as reflected on the time records. The discrepancy between the parties is whether Defendants provided notice as required to take the tip credit. Taking these issues into account, there is a significant possibility that plaintiffs may not recover any amount, or any ultimate award could be lower than the settlement amount at bar.

As previously indicated, this agreement was reached during a mediation session between the parties. Plaintiffs' attorneys have significant experience with wage and hour matters, as does defense counsel. There is no fraud or collusion at bar.

The Defendants also had limited ability to pay a settlement, and it would have been difficult to enforce a large judgment against Defendants and collect it in full because the business is closed. Even if Plaintiffs were to obtain a judgment for the full amount of their claimed damages, it is not clear that they would have been able to collect the full amount, and any partial collection would have been time-consuming. The proposed settlement represents a reasonable compromise between the strengths and weaknesses of the parties' respective positions.

The parties note this settlement contains a mutual general release. Plaintiffs do not believe this matter raises unique issues justifying a general release in a FLSA matter. Nevertheless, Defendants have requested a general release, and Plaintiffs have agreed to submit the matter to the Court. Defendants are aware that the Court disfavors general releases in FLSA actions, however, the Court's order of August 10, 2018 does not foreclose that such clauses may be warranted in certain circumstances. Defendants assert that a general release is warranted at bar.

General releases in FLSA actions can be appropriate where (1) there is a bona fide dispute as to the amounts owed, and (2) the employment relationship has terminated. *Abreu v. Glenda Food Corp.*, No. 17 CIV. 2006 (HBP), 2018 WL 2388532, at *2 (S.D.N.Y. May 25, 2018); *Snead v. Interim HealthCare of Rochester, Inc.*, 16-CV-06550 (EAW), 2018 WL 1069201 at *6 (W.D.N.Y. Feb. 26, 2018); *Geskina v. Admore Air Conditioning Corp.*, 16 Civ. 3096 (HBP), 2017 WL 1743842 at *2 (S.D.N.Y. May 3, 2017); *Cionca v. Interactive Realty, LLC*, 15 Civ. 5123 (BCM), 2016 WL 3440554 at *3-*4 (S.D.N.Y. June 10, 2016); *Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, 13 Civ. 5008 (RJS), 2016 WL 922223 at *2 (S.D.N.Y. Feb. 3, 2016); *Souza v. 65 St. Marks Bistro*, 15 Civ. 327 (JLC), 2015 WL 7271747 at *5 (S.D.N.Y. Nov. 6, 2015).

As indicated above, Defendants maintained records throughout plaintiffs' employment. These records demonstrate that Plaintiffs were paid the minimum wage at all times with the tip credit applied. Defendants also possess records demonstrating that Plaintiffs were notified of the employer's intention to avail itself of the tip credit. Plaintiffs dispute whether the notice was sufficient to satisfy the law, thus the parties have a bona fide dispute as to the amounts (if any) owed. Further, not only has the employment relationship terminated, but the defendant corporation is no longer active. Thus, there is no chance of future violations by the corporation. Additionally, the restaurant is no longer an ongoing concern for the individual defendants. Therefore, they have an understandable desire to ensure that no new claims are brought once this matter is settled.

In the event that the Court does not permit a general release, Plaintiffs respectfully request that the Court approve the agreement with the understanding that the release is limited to the FLSA and NYLL claims brought in the Complaint.

Considering the risks in this case outlined above, discussed *supra*, the parties believe that this settlement is a fair result for the Plaintiffs, and it should be approved as a fair settlement. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

### III.  Plaintiffs' Attorneys' Fees are Fair and Reasonable

Under the settlement, and in accordance with their retainer agreements with the Plaintiffs, Plaintiffs' counsel will receive $17,333.33 from the settlement fund as attorneys' fees and costs. This represents one third of the settlement fund and constitutes a reduction from the forty percent retainer rate reflected in the Plaintiffs' retainer agreements. Plaintiffs' billing records are annexed hereto as Exhibit C.

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). Additionally, Plaintiffs and their counsel already agreed to the fee provided for in the settlement.

Given Plaintiffs' counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiffs' counsel was able to obtain an excellent result with

September 24, 2018
Page 5

relatively low time and expense. A brief biography of each attorney who performed billed work in this matter is as follows:

    a. Michael Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983.  From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM).  Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law.  He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

    b. Shawn Clark is a litigation associate at Michael Faillace & Associates. A fifth-year associate, Attorney Clark graduated from New York University School of Law in 2010, where he was a Dean's Scholar and an articles editor for the New York University Journal of Legislation and Public Policy. During law school Attorney Clark interned in the trial sections of the United States Attorney's Office for the Eastern District of New York and the New York County District Attorney's Office, and assisted United States District Judge John Gleeson with formulating a curriculum for newly appointed appellate judges at New York University's Opperman Institute for Judicial Administration.

    Following law school, Attorney Clark was awarded a NYPD Law Graduate Fellowship, a program by the New York City Police Foundation and New York City Law Department which selects a single outstanding law school graduate per year. In 2010, Attorney Clark worked in the Legal Bureau of NYPD under the direct supervision of the NYPD's chief legal officer, where he advised police executives on a variety of criminal and employment law issues. In the remaining years of the fellowship Attorney Clark was assigned to the Special Federal Litigation Division of the New York City Law Department, where he was responsible for defending Section 1983 litigation brought against police, district attorney and correction defendants in the Southern and Eastern Districts of New York.

    Attorney Clark is an active member of the New York City Bar Association and the New York Chapter of the National Employment Lawyers Association. He was selected as a Super Lawyers Rising Star for 2015, 2016 and 2017.

    Should Your Honor have any questions or concerns regarding this settlement, Plaintiffs are happy to address them. Plaintiffs thank the Court for its attention to this matter.

September 24, 2018
Page 6

          Respectfully submitted,

          /s/Shawn R. Clark
          Shawn R. Clark
          MICHAEL FAILLACE & ASSOCIATES, P.C.
          Attorneys for the Plaintiffs

Enclosure