UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Ian Cuizon, *et al.*,

          Plaintiffs,

–v–

George & Frank's Japanese Noodle Rest. Inc., *et al.*,

          Defendant.

18-cv-549 (AJN)

OPINION & ORDER

---

ALISON J. NATHAN, District Judge:

In 2018, Plaintiffs filed this action alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law (NYLL), Art. 19 §§ 190 and 650 *et seq.* *See* Dkt. No. 1. Plaintiffs are six former employees of Sapporo Restaurant, a now-closed Japanese restaurant in Manhattan. The parties have now informed the Court that they have reached a settlement. *See* Dkt. No. 27. And in September 2020, the parties submitted a proposed a settlement agreement for the Court's approval and letters explaining their views on the fairness of the settlement. *See* Dkt. Nos. 27, 33. The agreement provides for a total settlement of $52,000, and Plaintiff's counsel seeks one-third of that amount in fees. For the following reasons, the Court approves the settlement agreement but reduces Plaintiffs' fee-and-cost award to $9658.00.

    **I.**    **LEGAL STANDARD**

In order to serve FLSA's purpose of ensuring "a fair day's pay for a fair day's work," settlements in FLSA cases must be approved by a court or by the Department of Labor. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (quoting *A.H. Phillips, Inc. v.*

1

*Walling*, 324 U.S. 490, 493 (1945)).  A plaintiff's FLSA claims therefore cannot be dismissed with prejudice until the Court determines that the settlement is "fair and reasonable."  *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).  A "fair and reasonable" settlement is one that "reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching."  *Mamani v. Licetti*, No. 13-cv-7002 (KMW), 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014) (internal quotation marks omitted).

## II.  DISCUSSION

The Court finds that the total settlement amount is reasonable.  As a preliminary matter, there is a "strong presumption in favor of finding a settlement fair" in FLSA cases like this one, as courts are generally "not in as good a position as the parties to determine the reasonableness of a FLSA settlement."  *Souza v. 65 St. Marks Bistro*, No. 15 Civ. 327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (internal citation omitted); *see also Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013).  Under the proposed settlement, Defendants will pay $52,000 to settle all claims.  Dkt. No. 27 at 2.  Yet the parties sharply contest various factual and legal issues that would shape the potential range of recovery if this case proceeded to trial.  *Id.* at 3.  Plaintiffs have submitted a detailed damages calculation that, if credited, suggests they are owed about $160,000 in damages.  Dkt. No. 33-1 at 2.  For their part, however, Defendants dispute the number of hours Plaintiffs worked, the recovery period, the appropriate meal deduction, and whether Defendants provided notice as required to take the tip credit.  Dkt. No. 27 at 3.  "Taking these issues into account, there is a significant possibility that plaintiffs may not recover any amount, or any ultimate award could be lower than the settlement amount at bar."  *Id.*  Moreover, the parties agree that Defendants have limited ability to pay any settlement

or damages award, as their restaurant is now closed. *Id.* Plaintiffs thus note that even if they were to obtain judgment for a larger sum, they would have difficulty collecting "the full amount, and any partial collection would have been time-consuming." *Id.*

In light of the genuine dispute among the parties regarding the amount of damages Plaintiffs are owed and Defendants' financial condition, a settlement of $52,000, including fees, is reasonable. *See Kopera v. Home Depot U.S.A., Inc.*, No. 09-cv-8337 (WHP), 2011 WL 13272403, at *1 (S.D.N.Y. June 24, 2011) ("A district court may approve a FLSA settlement between private litigants when the settlement is reached as a result of contested litigation to resolve bona fide disputes." (internal quotation marks omitted)); *McMahon v. Olivier Cheng Catering and Events, LLC*, No. 08-cv-8713 (PGG), 2010 WL 2399328, at *6 (S.D.N.Y. Mar. 3, 2010) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved."). Indeed, courts in this District regularly recognize settlement recoveries in this range as reasonable. *See, e.g., Larrea v. FPC Coffees Realty Co., Inc.*, No. 15-CV-1515 (RA), 2017 WL 1857256 at *2 (S.D.N.Y. May 5, 2017) (approving a settlement amount of approximately 61% of maximum recovery); *Beckert v. Ronirubinov*, No. 15-CV-1951 (PAE), 2015 WL 8773460, at 21 (S.D.N.Y. Dec. 14, 2015) (approving a settlement of approximate 25% of maximum recovery).

The Court next turns to fees and costs. In total, plaintiff's counsel seeks one-third of the settlement amount, or $17,333.33. Courts in this District at times award one third of a settlement fund as a reasonable fee in FLSA cases. *See Zhang v. Lin Kumo Japanese Rest., Inc.*, No. 13-cv-6667 (PAE), 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015) (collecting cases). Nonetheless, even when the proposed fees do not exceed one third of the total settlement amount, courts typically use the lodestar method as a cross check to ensure the reasonableness of

attorneys' fees.  *See Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000) (encouraging the practice of using the lodestar method as a "'cross check' on the reasonableness of the requested percentage").  The lodestar amount is the presumptively reasonable fee—"the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Gaia House Mezz LLC v. State Street Bank & Trust Co.*, No. 11 Civ. 3186 (TPG), 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014) (quoting *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) ) (internal quotation marks omitted).

Plaintiff counsel's does not indicate what it believes the lodestar in this matter to be. However, the Faillace Firm's billing records indicate that Michael Faillace billed 20.50 hours in this matter at a rate of $450 per hour, for a total of $9,225.00.  Dkt. No. 33-2.  Once again, this Court joins "many others in the circuit in finding Mr. Faillace's hourly rate excessive," *Gervacio v. ARJ Laundry Servs. Inc.*, No. 17-cv-9632 (AJN), 2019 WL 330631, at *2 (S.D.N.Y. Jan. 25, 2019) (citing cases), and reduces his hourly rate to $400.  But the Court finds that the total of attorney hours expended in this matter, 20.5 hours, to be a "reasonable number of hours required by the case."  *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011).  The lodestar figure is thus $8,200.  The Court sees no reason to depart from this figure in this case and award the significantly higher sum of $17,333.33 (including both fees and costs) requested by the Plaintiffs.  *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010) (noting that "the lodestar figure includes most, if not all, of relevant factors constituting a 'reasonable' attorney's fee.") (internal quotation marks omitted).  Indeed, this case is a "run-of-the-mill wage and hour action involving . . . no motion for conditional certification."  *Lopez v. Ploy Dee, Inc.*, No. 15-cv-647 (AJN), 2016 WL 1626631, at *4 (S.D.N.Y. Apr. 21, 2016).  And Plaintiffs provide no significant reason why they should be awarded the significantly larger sum.  *See* Dkt. No. 27 at

4

5–6 (providing cursory analysis in support of their fee request).  The Court thus awards $8,200 in attorney's fees.

As to costs, plaintiff's counsel seeks $1,458, which it incurred for filing fees and service. Dkt. No. 56 at 28.  The Court finds these costs reasonable, *see Collado v. Donnycarney Rest. L.L.C.*, No. 14-cv-3899 (GBD), 2015 WL 4737917, at *14 (S.D.N.Y. Aug. 10, 2015) (collecting cases), and therefore grants this request.

### III.  CONCLUSION

For the reasons explained above, the Court approves the settlement. Plaintiffs' counsel is to receive $9658.00 of the settlement amount, with $8200.00 allocated to attorneys' fees and $1,458.00 to costs, and the balance to go to Plaintiff.   The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

Dated: November 17, 2020
       New York, New York

_____
ALISON J. NATHAN
United States District Judge

5